**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANIEL MOORE** | **CIVIL ACTION** |
| **versus** | **NO. 14-1209** |
| **N. BURL CAIN** | **SECTION: "R" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Daniel Moore, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On September 2, 2009, he was convicted of three counts of aggravated rape under Louisiana law.[1]  On October 29, 2009, he was sentenced on each count to a consecutive term of life imprisonment without benefit of probation, parole, or suspension of

---

[1] State Rec., Vol. V of VI, trial transcript, pp. 798-99; State Rec., Vol. II of VI, minute entry dated September 2, 2009; State Rec., Vol. II of VI, jury verdict forms.

sentence.[2]  On July 8, 2010, the Louisiana First Circuit Court of Appeal affirmed his convictions and

sentences.[3]  He did not seek further direct review.

On March 16, 2011, petitioner filed a federal application seeking *habeas corpus*

relief.  That application was dismissed without prejudice on May 11, 2011.[4]

On February 8, 2012, petitioner filed an application for post-conviction relief with

the state district court.[5]  That application was denied on June 8, 2012.[6]  His related writ applications

were then likewise denied by the Louisiana First Circuit Court of Appeal on September 12, 2012,[7]

and January 15, 2013,[8] and by the Louisiana Supreme Court on June 14, 2013.[9]

---

[2]  State Rec., Vol. V of VI, transcript of October 29, 2009; State Rec., Vol. II of VI, minute entry dated October 29, 2009.

[3]  State v. Moore, No. 2010 KA 0103, 2010 WL 2712696 (La. App. 1st Cir. July 8, 2010); State Rec., Vol. I of VI.

[4]  Moore v. Cain, Civ. Action No. 11-635, 2011 WL 1792818 (E.D. La. May 11, 2011).

[5]  State Rec., Vol. I of VI.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to this state application, the Court will simply use the date the application was signed as the filing date, in that the application obviously was placed in the mail no earlier than the date it was signed.

[6]  State Rec., Vol. I of VI, Order dated June 8, 2012.

[7]  State v. Moore, No. 2102 KW 1236 (La. App. 1st Cir. Sept. 12, 2012); State Rec., Vol. VI of VI.

[8]  State v. Moore, No. 2012 KW 1825 (La. App. 1st Cir. Jan. 15, 2013); State Rec., Vol. VI of VI.

[9]  State *ex rel.* Moore v. State, 118 So.3d 1086 (La. 2013) (No. 2013-KH-0407); State Rec., Vol. VI of VI.

On May 14, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[10] The state argues that the application is untimely.[11] The state is correct.[12]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment became "final." 28 U.S.C. § 2244(d)(1)(A).[13] Regarding finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A)

---

[10]   Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner states that he placed his federal application in the prison mailing system on May 14, 2014. Rec. Doc. 3, p. 15.

[11]   Rec. Docs. 8 and 9.

[12]   Because the federal is untimely, the undersigned need not, and does not, address the state's alternative argument that petitioner failed to exhaust his remedies in the state courts.

[13]   Although 28 U.S.C. § 2244(d)(1) has alternative provisions setting forth other events which can trigger the commencement of the statute of limitations, those alternative provision do not apply in this case.

gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions and sentences on July 8, 2010. Therefore, his state criminal judgment became final on August 9, 2010, when his thirty-day period expired for seeking further direct review by filing a writ application with the Louisiana Supreme Court. See Louisiana Supreme Court Rule X, § 5(a).[14] Accordingly, his federal limitations period commenced on that date and then expired one year later on August 9, 2011, unless that period was extended by tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period.

---

[14] Because the thirtieth day of that period here fell on a Saturday, petitioner had until the following Monday, August 9, 2010, to file a writ application in the Louisiana Supreme Court. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

It is true, of course, that petitioner's first federal *habeas corpus* application was filed during that period; however, that clearly has no bearing on the timeliness of the instant application. The United States Supreme Court has expressly held that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and, therefore, a prior federal application does not toll the AEDPA's statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (5th Cir. 2001).

Further, it is also true that petitioner filed a state post-conviction application on February 8, 2012. However, because that application was filed *after* the expiration of the federal statute of limitations, it likewise had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.[15]

The Court must next consider equitable tolling. The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[15] It appears that petitioner is arguing that the federal statute of limitations did not commence until his state post-conviction proceedings were concluded. See Rec. Doc. 10, p. 5. If that is his contention, he is clearly wrong. See, e.g., Overbey v. Cain, No. 01-30458, 2001 WL 1485681 (5th Cir. Nov. 5, 2001); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998); Johnson v. Rader, Civ. Action Nos. 13-2996 and 13-3677, 2014 WL 198165, at *7 (E.D. La. Jan. 16, 2014); Lapell v. Cain, Civ. Action No. 07-1238, 2007 WL 2287818, at *2 n.31 (E.D. La. Aug. 8, 2007).

stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord

Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations

can be equitably tolled "in rare and exceptional circumstances"). Petitioner bears the burden of proof

to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir.

2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled

to such tolling, and this Court knows of no reason that would support equitable tolling of the statute

of limitations.[16]

       Lastly, the Court is aware that petitioner alleges that he is actually innocent[17] and that

the United States Supreme Court recently held:  "[A]ctual innocence, if proved, serves as a gateway

through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this

case, expiration of the statute of limitations."  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).

However, the Supreme Court took care to note:  "We caution ... that tenable actual-innocence

gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades

---

[16]  The Court notes that petitioner alleges that he is "mentally incompetent, and still under the constant care of mental health professionals at the Louisiana State Penitentiary and his ability to think and comprehend limited as a result of his electrocution."  Rec. Doc. 10, p. 5.  However, not only does he fail to offer any evidence whatsoever in support of that allegation, he also fails to explain how, despite his purported incompetence, he was nevertheless able to file his first federal application within the one-year federal limitations period and was further able to commence and pursue post-conviction proceedings in the state courts thereafter.  Without more, his purely conclusory allegations of incompetence simply do not warrant equitable tolling. See, e.g., Smith v. Johnson, No. 00-10019, 2001 WL 43520 (5th Cir. Jan. 3, 2001); Jarrell v. LeBlanc, Civ. Action No. 11-2913, 2012 WL 3065423 (E.D. La. July 27, 2012); Noble v. Cooper, Civ. Action No. 11-2866, 2012 WL 1135857 (E.D. La. Apr. 4, 2012); Allen v. Mississippi, No. 4:10CV26, 2011 WL 1196747, at *3 (S.D. Miss. Mar. 4, 2011), adopted, 2011 WL 1158657 (S.D. Miss. Mar. 29, 2011); Barrett v. Epps, No. 4:06CV70, 2007 WL 689586, at *3-4 (S.D. Miss. Feb. 28, 2007).

[17]  Rec. Doc. 10, pp. 6-7.

the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Therefore, for an actual innocence claim to be credible, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, petitioner points to no "new" evidence, and it is clear that an "unsupported declaration of [a petitioner's] innocence falls far short of meeting the threshold level of proof required to invoke an actual innocence or miscarriage of justice exception to AEDPA's statute of limitation." Johnson v. Rader, Civ. Action Nos. 13-2996 and 13-3677, 2014 WL 198165, at *7 (E.D. La. Jan. 16, 2014).

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than August 9, 2011, in order to be timely. His federal application was not filed until May 14, 2014, and, therefore, it is untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Daniel Moore be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this ninth day of September, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.